Filed 11/18/24  Anderson v. Automobile Club of Southern California CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ASHLIE R. ANDERSON,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA ("AAA") LLC et al.,<br><br>        Defendants and Respondents. | B328182<br><br>(Los Angeles County Super. Ct. No. 22CHCV00138) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Stephen P. Pfahler, Judge.  Affirmed.

        Ashlie R. Anderson, in propria persona, for Plaintiff and Appellant.

        Colman Perkins Law Group, Barbara J. Mandell, Dat-Vinh Nguyen and Sheryl Lee Reeves for Defendants and Respondents.

_____

Following an automobile accident, plaintiff Ashlie R. Anderson filed suit against the other driver and the driver's insurance company and company representatives. The trial court concluded the causes of action alleged against the insurance company and its representatives arose from protected activity and did not have the minimal merit to withstand their anti-SLAPP (Strategic Lawsuit Against Public Participation) motion. Plaintiff appeals; but her opening brief is procedurally and substantively defective. To the extent her challenges to the court's rulings can be understood, they are without merit and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Plaintiff's Automobile Accident and Insurance Claim

On November 1, 2021, plaintiff was involved in an automobile accident with Ricardo Avelar (Avelar) in Los Angeles County. Plaintiff was driving her 2001 Honda Accord that was insured by Mercury Insurance. Avelar was driving his car that was insured by the Insurance Exchange of the Automobile Club LLC (the Exchange). The same day Avelar reported the accident to the Exchange. Claims adjuster Frances Schultz (Schultz) was assigned to investigate Avelar's claim.

On November 15, 2021, Schultz concluded the drivers were each partially at fault for causing the accident and notified plaintiff. Two days later, Schultz received from plaintiff a written settlement demand. Plaintiff claimed Avelar was solely responsible for the accident and the Exchange owed her $3,740.61 to resolve her property damage claim. This sum was based on a repair estimate plaintiff had obtained.

Schultz retained an appraiser to estimate the cost of repairing plaintiff's Honda Accord. The appraiser provided the

2

Exchange with the following estimates for the car: (1) $4,323.25 for the cost of repair; (2) $3,334.00 for the pre-accident actual cost value; and (3) $355.00 for the post-accident salvage value. Noting the appraiser's figures showed the cost of repair exceeded the pre-accident actual cost value, Schultz deemed the Honda Accord a "total loss salvage vehicle" as she indicated in a Salvage Vehicle Notice of Retention by Owner" (REG 481 notice) submitted to the California Department of Motor Vehicles (DMV) on December 1, 2021.

Schultz then advised plaintiff in writing on December 1, 2021, that the Exchange would pay her $1,518.68, calculated as follows: the $3,334.00 pre-accident actual cost value minus the $355.00 salvage value, plus the $305.35 sales tax and the $23.00 transfer fee, which equaled $3,307.35. This sum was divided in half as plaintiff and Avelar were equally liable for the causing accident. Schultz included documentation to support her calculations. The next day, the Exchange issued plaintiff a check for "$1,518.68" or half of $3,307.35. Plaintiff received the check but did not cash or deposit it.

## II. Plaintiff's Small Claims Action

On December 15, 2021, Schultz learned plaintiff had filed a small claims action against Avelar and the "Auto Club," seeking $4,558.12 in property damages. Rather than go to trial, the Exchange opted to settle the case and issued plaintiff a check for $3,039.42 (calculated as plaintiff's small claims demand of $4,558.12 minus the previously paid $1,518.68 to plaintiff). Accompanying the check was a request that plaintiff dismiss the small claims action.

On the day of trial, plaintiff moved to dismiss her small claims action so she could seek greater damages in superior

3

court. As of January 2022, plaintiff had not deposited or cashed either settlement check from the Exchange.[1]

## III. Plaintiff's Superior Court Action

Representing herself, plaintiff filed a 40-page verified complaint on March 2, 2022. The complaint alleged 11 tort claims against the Automobile Club of Southern California (AAA), the Exchange, and Schultz (collectively defendants).[2] A separate claim was alleged against Avelar for "failing to signal and illegal lane change."[3]

Defendants responded to this action, in part, by filing an anti-SLAPP motion (Code Civ. Proc., § 425.16[4]). On March 8, 2023, the trial court granted the motion. Plaintiff timely appealed.

## DISCUSSION

## I. Forfeiture

Plaintiff's status as a self-represented litigant does not entitle her to ignore appellate rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) As the appellant, plaintiff has the duty to support her challenges to the order granting the anti-SLAPP motion with cogent argument, citations to relevant authorities, and accurate references to the record. (Cal. Rules of Court, rule

---

[1] It is not clear from the record whether plaintiff ultimately deposited or cashed her settlement checks issued by the Exchange.

[2] Gail C. Louis was also named as a defendant, although her role in this case is unclear. She is not a party to this appeal.

[3] Avelar is not a party to this appeal.

[4] Statutory references are to the Code of Civil Procedure, unless otherwise indicated.

4

8.204; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."].)

Plaintiff has filed a 68-page opening brief that is difficult to understand. It is vague, conclusory, unfocused, and consists largely of cutting and pasting from the record.[5] Plaintiff has not explained the pertinent facts in a coherent way nor summarized the relevant evidence; many of her record citations are inscrutable. We may and do "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he [or she] wants us to adopt." (*City of Santa Maria v. Adam, supra,* 211 Cal.App.4th at p. 287.)

Nonetheless, we exercise our discretion to consider those issues we can discern among plaintiff's scattered and incomprehensible arguments. Any issues not discussed in this opinion are deemed forfeited. (*Brown v. Garcia* (2017) 17 Cal.App.5th 1198, 1207 [plaintiffs "supplied neither relevant authority nor cogent legal analysis to support [their] claim, so it [was] forfeited"].)

## II.    Meritless Appeal

### A.    Applicable Law

Section 425.16 "provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) " 'The Legislature

---

[5] On our own motion, we concluded plaintiff's attachments to her opening brief should be disregarded because they are not part of the record.

5

enacted section 425.16 to prevent and deter "lawsuits [referred to as SLAPPs] brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) Because these meritless lawsuits seek to deplete "the defendant's energy" and drain "his or her resources" [citation], the Legislature sought " 'to prevent SLAPPs by ending them early and without great cost to the SLAPP target' " [citation]. Section 425.16 therefore establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. [Citation.] In doing so, section 425.16 seeks to limit the costs of defending against such a lawsuit.' " (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 642.)

"A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788, citing § 425.16, subd. (b)(l).) Anti-SLAPP motions are evaluated using a two-pronged procedure. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt, supra*, l Cal.5th at p. 384.) We review the trial court's decision to grant the anti-SLAPP motion de novo. (*Monster Energy Co. v. Schechter, supra*, 7 Cal.5th at p. 788.) In other words, we follow

6

the same two-pronged procedure as the trial court in deciding whether the anti-SLAPP motion was properly granted. (*Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1652.)

## B. Plaintiff's Claims Arise From Protected Activity

The crux of plaintiff's 11 claims is defendants knowingly submitted a false REG 481 notice to DMV that her Honda Accord was a total loss salvage vehicle.

Defendants have met their burden to establish that plaintiff's claims arise from protected activity. In *Klem v. Access Ins. Co.* (2017) 17 Cal.App.5th 595, the Court of Appeal held a claim based on an insurance company's submission of a REG 481 notice of salvage to the DMV satisfied the first prong of the anti-SLAPP procedure, because the notice related to a public issue or an issue of public interest within the meaning of section 425.16, subdivision (e)(4).[6] (*Id.* at p. 609.) As such, the first prong has been satisfied.

Plaintiff does not cite to any contrary authority. Instead, she repeatedly asserts defendants (1) falsified the REG 481 notice and (2) conceded there was an "evil companywide policy" to falsely report vehicles as total loss salvage to the DMV, by which they were engaging in "illegality and criminality," citing *Flatley v. Mauro* (2006) 39 Cal.4th 299, 315–316 ["where either the

---

[6] Section 425.16, subdivision (e) provides: An " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' " includes "(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

7

defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence, the [anti-SLAPP] motion must be denied"]. However, plaintiff fails to offer any admissible evidence that defendants committed illegal conduct or conceded having done so.[7]  And assertions are not evidence.  (*Paleski v. State Dept. of Health Services* (2006) 144 Cal.App.4th 713, 732.)

### C. Plaintiff Has Failed to Demonstrate a Probability of Success on the Merits

#### 1. Fraud claims

Plaintiff's complaint alleges six claims for fraud (the second, third, fourth, seventh, eighth, and eleventh causes of action), again based on defendants' submission of a REG 481 notice to DMV.

Fraud must be proved by clear and convincing evidence. (*Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 605–606.) The elements of fraud are misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and resulting damage.  (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

Two points here.  First, as stated, plaintiff has not introduced admissible evidence the REG 481 was false. Nonetheless, plaintiff apparently mistakenly considers her verified complaint as evidence of falsity.  However, a plaintiff cannot use a verified complaint to establish success on the

---

[7] Vehicle Code section 11515 requires an insurance company to notify and provide certain materials to the DMV of a total loss salvage vehicle.  (Veh. Code, § 11515, subds. (a) & (b).) Failure to do so is punishable as a misdemeanor.  (Veh. Code, § 11515, subd. (g).)  However, this provision "does not impose penalties for voluntary reports, false or otherwise."  (*Klem v. Access Ins. Co., supra,* 17 Cal.App.5th at p. 610.)

merits. Proof of the plaintiff's allegations must be based upon competent admissible evidence. (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1017.) "This is because an assessment of the probability of prevailing looks to trial, and the evidence that would be admissible to create triable factual issues at that time." (*San Diegans for Open Government v. San Diego State University Research Foundation* (2017) 13 Cal.App.5th 76, 108–109; accord, *Brodeur v. Atlas Entertainment, Inc.* (2016) 248 Cal.App.4th 665, 679; *Oviedo v. Windsor Twelve Properties, LLC* (2012) 212 Cal.App.4th 97, 109; *Paiva v. Nichols, supra,* 168 Cal.App.4th at p. 1017; *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 672–673.)

Second, plaintiff has introduced no evidence to show she justifiably relied on the REG 481 notice to DMV. Indeed, plaintiff never agreed with defendants' determination that repairing the car was "uneconomical" within the meaning of Vehicle Code section 544.[8] Her consistent position has been her Honda Accord was not a total loss salvage vehicle.

### 2. Slander of title claim

Plaintiff's fifth cause of action alleges slander of title. The elements of the tort are "(1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012)

---

[8] Under Vehicle Code section 544, subdivision (a), a "total loss salvage vehicle" means a vehicle has been wrecked and is uneconomical to repair as determined by the insurance company responsible for repair of the vehicle. A vehicle is uneconomical to repair when "the cost of repairs exceeds its predamage retail value." (*Martinez v. Enterprise Rent-A-Car Co.* (2004) 119 Cal.App.4th 46, 56.)

9

205 Cal.App.4th 999, 1030.)  An insurance company's submission of a REG 481 notice to DMV is subject to a qualified privilege. (*Klem v. Access Ins. Co., supra,* 17 Cal.App.5th at p. 595, 616–617.)  To defeat this qualified privilege, plaintiff must show "actual malice," meaning the publication was motivated either by hatred or ill will toward plaintiff or by a showing defendants lacked reasonable grounds for believing the truth of the publication and thereafter acted in reckless disregard of plaintiff's rights.  (*Taus v. Loftus* (2007) 40 Cal.4th 683, 721.)

Plaintiff has not demonstrated she is likely to prevail on her slander of title claim.  Again, she has produced no evidence of the REG 481's falsity, relying instead on speculation and conjecture.  Further, apart from characterizing defendants' actions as malicious, there was nothing evil or nefarious about defendants' accurately estimating the amount of damage to the Honda Accord and reporting that assessment to the DMV as required by law.  (See Veh. Code, §§ 544 & 11515.)  The record shows no ill will or reckless disregard by defendants.

### 3.     Bad faith claim

Plaintiff lacks standing to pursue her sixth cause of action for bad faith because she is not a current policy holder with a valid insurance contract with the Exchange.  (*Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 298–299.)

### 4.     Intentional infliction of emotional distress

Plaintiff alleges intentional infliction of emotional distress as her ninth cause of action.  Its elements are:  (1) extreme and outrageous conduct by appellants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

10

appellants' outrageous conduct. (*Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 486.) Conduct is considered outrageous when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." (*Ibid.*) However, "liability 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' but only to conduct so extreme and outrageous 'as to go beyond all possible bonds of decency.' " (*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 499, fn. 5.)

Plaintiff has failed to show she is likely to prevail on her claim of intentional infliction of emotional distress. It is premised on the same theory of liability—a false REG 481 notice—as well as allegations of three phone calls and two voice mails purportedly pressuring her to sign the necessary DMV forms. Again, plaintiff submitted no evidence the REG 481 notice was false.

### 5. Remaining claims

Plaintiff's complaint contains headings that include assertions of racial discrimination, violation of civil rights, criminal conspiracy, and unfair business practices. All these claims rest on plaintiff's assertion the REG 481 is false or fraudulent, which, as discussed, is not supported by any evidence in the record. Plaintiff has therefore failed to demonstrate a probability of achieving success on the merits of these claims.

Plaintiff maintains the trial court exhibited judicial bias in ruling against her. To the extent she failed to raise this contention in the trial court, it is forfeited on appeal.[9] (See *People v. Buenrostro* (2018) 6 Cal.5th 367, 405 [judicial bias claim not raised in trial court forfeited on appeal].) In any event the

---

[9] The proceedings in this case were not recorded.

11

record is devoid of bias on the part of the bench officer in this case.

It must be said that defendants bent over backward to accommodate plaintiff's settlement demands. Because plaintiff failed to offer any admissible evidence to establish a prima facie case on any of her claims, the trial court correctly granted defendants' anti-SLAPP motion.

## DISPOSITION

The order is affirmed. Defendants are to recover costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

12